M2255,TERMED

# U.S. District Court
# District of Idaho (LIVE Database)Version 6.2.2 (Pocatello – Eastern)
# CRIMINAL DOCKET FOR CASE #: <u>4:11–cr–00130–EJL</u> All Defendants

Case title: USA v. Palmer

Related Case: 4:14–cv–00126–EJL

Date Filed: 05/18/2011

Date Terminated: 09/22/2011

Assigned to: Judge Edward J. Lodge

Appeals court case number: 11–30281
Ninth Circuit Court of Appeals

**Defendant (1)**

**Daren L Palmer**
*TERMINATED: 09/22/2011*

represented by **Dallas Craig Hughes**
Law Offices of D. Craig Hughes
1 Arena Place, Suite 1100
7322 Southwest Freeway
Houston, TX 77074
713–535–0683
Fax: 713–981–3805
Email: dcraighughes@msn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jeromy W Stafford**
Stafford Law Office
381 Shoup ave, suite 207b
Idaho Falls, ID 83402
208–521–8119
Fax: (866) 651–6913
Email: defendingidaho@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Steven V Richert**
FEDERAL DEFENDER'S OFFICE
757 N. 7th Ave.
Pocatello, ID 83201
(208) 478–2046
Email: Steve_Richert@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

**Pending Counts**                                **Disposition**

1

| | |
|---|---|
| FRAUD BY WIRE, RADIO, OR TELEVISION (1) | Defendant sentenced to the Bureau of Prisons for a term of 96 months followed by three years supervised release. Sentences on counts one and two to run concurrent. In lieu of a fine defendant to serve 200 hours of community service. $100 special assessment on each count for a total of $200.00. $29,842,731 in Restitution |
| MONEY LAUNDERING–TRANSACTING IN PROPERTY DERIVED FROM UNLAWFUL ACTIVITY (2) | Defendant sentenced to the Bureau of Prisons for a term of 96 months followed by three years supervised release. Sentences on counts one and two to run concurrent. In lieu of a fine defendant to serve 200 hours of community service. $100 special assessment on each count for a total of $200.00 $29,842,731 in Restitution |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **William M Humphries** |
| | | U.S. Attorney's Office District of Idaho |
| | | 800 Park Blvd |
| | | Boise, ID 83712 |
| | | 208−334−1211 |
| | | Email: bill.humphries@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Jack B Haycock** |
| | | US ATTORNEY |
| | | 801 E Sherman |
| | | Pocatello, ID 83201 |
| | | (208) 478−4166 |
| | | Email: Jack.Haycock@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/18/2011 | 1 | 8 | INFORMATION (Notice sent to USP & USM) as to Daren L Palmer (1) count(s) 1, 2. (Attachments: # 1 Cover Sheet, # 2 Service Information Sheet) (dks) (Entered: 05/19/2011) |
| 05/19/2011 | 2 | | DOCKET TEXT NOTICE OF HEARING as to Daren L Palmer (Notice sent to USP & USM) Arraignment set for 5/26/2011 04:15 PM in Pocatello – Grand Jury Room before Judge Ronald E Bush. (lc) |
| 05/24/2011 | 3 | | AMENDED DOCKET ENTRY ORDER as to Daren L Palmer (Notice sent to USM), Arraignment/Waiver/Plea hearing is hereby RESET for 6/2/2011 at 08:00 AM in Pocatello – District Courtroom before Judge Edward J. Lodge. (Arraignment hearing before Judge Bush is vacated.) Signed by Judge Edward J. Lodge.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by dmc) |
| 05/25/2011 | 4 | | PLEA AGREEMENT as to Daren L Palmer (Notice sent to USP) (Haycock, Jack) |
| 05/26/2011 | 5 | | SECOND AMENDED DOCKET ENTRY NOTICE OF HEARING as to Daren L Palmer (Notice sent to USP & USM) Arraignment/Waiver/Plea hearing is hereby RESET for 5/31/2011 at 01:00 PM in Pocatello – District Courtroom before Judge Edward J. Lodge. (dmc) |
| 05/31/2011 | 6 | | Minute Entry for proceedings held before Judge Edward J. Lodge:Arraignment as to Daren L Palmer (1) Count 1,2 held on 5/31/2011 Plea entered guilty (Notice sent to USP & USM), ( Sentencing set for 8/22/2011 03:30 PM in Pocatello – District Courtroom before Judge Edward J. Lodge.) (Court Reporter/ESR Lisa Yant.) (dmc) |
| 05/31/2011 | 7 | | WAIVER OF INDICTMENT (Notice sent to USP & USM) (dks) |
| 05/31/2011 | 8 | | CJA 23 Financial Affidavit by Daren L Palmer (dks) |
| 06/02/2011 | 9 | | ORDER of Release (Notice sent to USP & USM). Signed by Judge Edward J. Lodge.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by dks) |
| 06/03/2011 | 10 | | AMENDED ORDER of release as to Daren L Palmer re 9 Order of Release (Notice sent to USM). Signed by Judge Edward J. Lodge.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by dks) |
| 06/06/2011 | | | Surrender of Passport issued by USA (Notice sent to USP & USM) (dks) (Entered: 06/13/2011) |
| 07/20/2011 | 11 | | MOTION to Continue Sentencing by USA as to Daren L Palmer. (Haycock, Jack) |
| 07/20/2011 | 12 | | DOCKET ENTRY ORDER granting 11 Motion to Continue Sentencing (Notice sent to USM & USP) as to Daren L Palmer (1) Sentencing RESET for 9/20/2011 at 08:30 AM in Pocatello – District Courtroom before Judge Edward J. Lodge. Signed by Judge Edward J. Lodge. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing |

| | | | |
|---|---|---|---|
| | | | (NEF) by dmc) |
| 08/29/2011 | 13 | | First MOTION for Extension of Time to File Response/Reply *to Presentence Report* by Daren L Palmer. (Richert, Steven) |
| 08/30/2011 | 14 | | DOCKET ENTRY ORDER granting 13 Motion for Extension of Time to File Response/Reply as to Daren L Palmer (1). Objections to the PSR due by 9/02/2011. Signed by Judge Edward J. Lodge. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by dmc) |
| 09/02/2011 | 15 | | OBJECTION/RESPONSE/REPLY TO PRESENTENCE INVESTIGATION REPORT (Sealed Document) by Daren L Palmer (Notice sent to USP) (Attachments: # 1 Exhibit)(Richert, Steven) |
| 09/12/2011 | 16 | | DOCKET ENTRY NOTICE OF HEARING **TIME CHANGE ONLY** as to Daren L Palmer (Notice sent to USP & USM) Sentencing set for 9/20/2011 has ben moved to begin at 08:00 AM in Pocatello – District Courtroom before Judge Edward J. Lodge. (al) |
| 09/13/2011 | 17 | | MOTION for Extension of Time to File *5K1 Motion and Sentencing Memorandum* by USA as to Daren L Palmer. (Haycock, Jack) |
| 09/14/2011 | 18 | | DOCKET ENTRY ORDER GRANTING 17 Motion for Extension of Time to File as to Daren L Palmer (1). The Court, having reviewed the Governments Motion for Extension of Time to File 5K1 Motion and Sentencing Memorandum (Dkt. 17), and finding good cause, hereby orders that the motion is GRANTED and the due date for the Governments 5K1 Motion and Sentencing Memorandum is September 14, 2011. Signed by Judge Edward J. Lodge. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by dmc) |
| 09/14/2011 | 19 | | MOTION for Downward Departure 5K1.1 (Notice sent to USP) by USA as to Daren L Palmer. (Haycock, Jack) |
| 09/14/2011 | 20 | | SENTENCING MEMORANDUM by USA as to Daren L Palmer (Notice sent to USP) (Haycock, Jack) |
| 09/14/2011 | 21 | | SENTENCING MEMORANDUM by Daren L Palmer (Notice sent to USP) (Richert, Steven) |
| 09/20/2011 | 22 | | Minute Entry for proceedings held before Judge Edward J. Lodge:Sentencing held on 9/20/2011 for Daren L Palmer (1), Count(s) 1, 2, Defendant sentenced to the Bureau of Prisons for a term of 96 months followed by three years supervised release. Sentences on counts one and two to run concurrent. In lieu of a fine defendant to serve 200 hours of community service. $100 special assessment on each count for a total of $200.00. Restitution in the amount of $29,842,731.00 (Notice sent to USP & USM) (Court Reporter/ESR Lisa Yant.) (al) Modified on 9/20/2011 (al). |
| 09/22/2011 | 23 | | JUDGMENT as to Daren L Palmer (1), Count(s) 1, Defendant sentenced to the Bureau of Prisons for a term of 96 months followed by three years supervised release. Sentences on counts one and two to run concurrent. In lieu of a fine defendant to serve 200 hours of community service. $100 special assessment on each count for a total of $200.00. $29,842,731 in Restitution; Count(s) 2, Defendant sentenced to the Bureau of Prisons for a term of 96 months followed |

| | | | |
|---|---|---|---|
| | | | by three years supervised release. Sentences on counts one and two to run concurrent. In lieu of a fine defendant to serve 200 hours of community service. $100 special assessment on each count for a total of $200.00 $29,842,731 in Restitution (Notice sent to USP and USM). Signed by Judge Edward J. Lodge.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by dks) (Entered: 09/23/2011) |
| 09/29/2011 | 27 | 14 | AMENDED JUDGMENT (Correcting USMS Number) as to Daren L Palmer (1), Count(s) 1, Defendant sentenced to the Bureau of Prisons for a term of 96 months followed by three years supervised release. Sentences on counts one and two to run concurrent. In lieu of a fine defendant to serve 200 hours of community service. $100 special assessment on each count for a total of $200.00. $29,842,731 in Restitution; Count(s) 2, Defendant sentenced to the Bureau of Prisons for a term of 96 months followed by three years supervised release. Sentences on counts one and two to run concurrent. In lieu of a fine defendant to serve 200 hours of community service. $100 special assessment on each count for a total of $200.00 $29,842,731 in Restitution (Notice sent to USP & USM). Signed by Judge Edward J. Lodge.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by dks) (Entered: 10/04/2011) |
| 10/03/2011 | 24 | | NOTICE OF APPEAL re 23 Judgment, Judgment, Judgment, Judgment Filing fee $ 455.(Notice sent to USP, USM, Court Reporter & 9th Cir) (Richert, Steven) |
| 10/03/2011 | 25 | | USCA Case Number as to Daren L Palmer 11−30281 for 24 Notice of Appeal − Final Judgment filed by Daren L Palmer. (dks) |
| 10/03/2011 | 26 | | TIME SCHEDULE ORDER as to Daren L Palmer re 24 Notice of Appeal − Final Judgment (Notice sent to USM)(Notice sent by e−mail to Court Reporter) (dks) |
| 10/24/2011 | 28 | | TRANSCRIPT REQUEST by Daren L Palmer for proceedings held on 09−20−11 before Judge Lodge, (Notice sent by e−mail to Court Reporter) (Richert, Steven) |
| 11/22/2011 | 29 | | Judgment Returned Executed as to Daren L Palmer on 11/15/11. (dks) |
| 11/22/2011 | 30 | | AMENDED Judgment Returned Executed as to Daren L Palmer on 11/15/11. (dks) |
| 11/28/2011 | 31 | | Transcript filed as to Daren L Palmer for dates of 9/20/2011 (Sentencing Hrg) before Judge Edward J. Lodge, re 24 Notice of Appeal − Final Judgment Court ReporterTranscriber Lisa Yant, Telephone number 208−334−9721. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/22/2011. Redacted Transcript Deadline set for 1/3/2012. Release of Transcript Restriction set for 3/1/2012. (dks) |
| 11/28/2011 | 32 | | Notice of Filing of Official Transcript (dks) |
| 01/04/2012 | 33 | | ORDER of USCA setting briefing (certified copy) as to Daren L Palmer re 24 Notice of Appeal − Final Judgment (cjm) (Entered: 01/05/2012) |
| 05/24/2012 | 34 | | |

| | | | |
|---|---|---|---|
| | | | ORDER of USCA (certified copy) as to Daren L Palmer re 24 Notice of Appeal – Final Judgment; Denying Appellee's motion to dismiss appeal. (dks) (Entered: 05/25/2012) |
| 06/14/2012 | 35 | | ORDER of USCA (certified copy) as to Daren L Palmer re 24 Notice of Appeal – Final Judgment. Appellee's unopposed motion for extension of time to file the answering brief is granted. (cjm) (Entered: 06/15/2012) |
| 01/31/2013 | 36 | | ORDER of USCA Submitting Case Without Oral Argument (certified copy) as to Daren L Palmer re 24 Notice of Appeal – Final Judgment. (jp) (Entered: 02/01/2013) |
| 03/20/2013 | 37 | | ORDER of USCA (certified copy) as to Daren L Palmer re 24 Notice of Appeal – Final Judgment. AFFIRMED in part and DISMISSED in part. (jp) |
| 04/12/2013 | 38 | | MANDATE of USCA (certified copy) as to Daren L Palmer (jp) (Entered: 04/15/2013) |
| 03/10/2014 | 39 | | MOTION FOR PRO HAC VICE APPEARANCE by Dallas Craig Hughes for Daren L. Palmer. (Receipt #IDX40000470) (Attachments: # 1 Attorney Annexed Addendum to Application for Admission Pro Hac Vice)(st) |
| 03/11/2014 | 40 | | ORDER denying 39 Motion for Pro Hac Vice Appearance of Dallas Hughes. The Court will hold the pro hac vice application fees for 21 days. If an amended application with local counsel is submitted, then the Court will review the application and if in order, will apply the pro hac vice fees previously submitted to the amended application. If no amended application is filed on or before 4/4/2014, the pro hac vice fees received by the Court will be refunded to Mr. Hughes. (Notice sent to CM/ECF Registration Clerk). Signed by Judge Edward J. Lodge. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (st) |
| 03/27/2014 | 41 | | AMENDED MOTION FOR PRO HAC VICE APPEARANCE by Dallas Craig Hughes for Daren L. Palmer. ($225.00 paid, receipt #IDX40000470) (st) |
| 03/27/2014 | 42 | | DOCKET ENTRY ORDER approving 41 Amended Motion for Pro Hac Vice Appearance of Dallas Craig Hughes for Daren L. Palmer. Per General Order 206, out–of–state counsel shall immediately register for ECF. (Notice sent to CM/ECF Registration Clerk) as to Daren L Palmer (1) (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (st) |
| 03/31/2014 | 43 | | First MOTION to Vacate under 28 U.S.C. 2255 by Daren L Palmer. (Hughes, Dallas)<br>Civil case 4:14–cv–00126–EJL opened. |
| 03/31/2014 | 44 | | Memorandum of Law with Appended Exhibits in Support of Movant's Motion to Vacate, Set Aside or Correct a Federal Sentence or Conviction Pursuant to 28 U.S.C. § 2255 re 43 First Motion to Vacate Under 28 U.S.C. 2255 by Daren L Palmer. (Attachments: # 1 Exhibit In Support)(Hughes, Dallas) Modified on 4/1/2014 to edit document title in docket text (st). |
| 04/01/2014 | | | A Motion to Vacate/Set Aside/Correct Sentence (2255) has been filed. All docketing for the 2255 shall be done in the corresponding civil case 4:14–cv–126–EJL as to Daren L Palmer (jp) |

| 04/01/2014 | | | CORRECTIVE ENTRY – The entry docket number 44 MOTION to Vacate under 28 U.S.C. 2255 *Memorandum of Law in Support* filed by Daren L Palmer was filed using the wrong event. The docket text has been fixed and the document has been terminated as a motion so it doesn't show as pending on the docket. (st) |
|---|---|---|---|
| 01/21/2015 | 45 | | NOTICE OF ATTORNEY APPEARANCE William M Humphries appearing for USA. *Notice of Appearance* (Notice sent to USM) (Humphries, William) |
| 11/24/2015 | 46 | | MEMORANDUM DECISION AND ORDER denying 43 Motion to Vacate (2255) (Notice sent to USM) as to Daren L Palmer (1). Signed by Judge Edward J. Lodge. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (cjs) |
| 11/24/2015 | 47 | | JUDGMENT as to Daren L Palmer (Notice sent to USM). IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Petitioner take nothing and the civil case associated with this matter is DISMISSED IN ITS ENTIRETY. Signed by Judge Edward J. Lodge.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (cjs) |
| 06/06/2019 | 48 | 21 | Probation Jurisdiction Transferred to Northern District of California as to Daren L Palmer Transmitted Transfer of Jurisdiction form and email directing them to retrieve documents from our website. (Notice sent to USP, USM) (alw) (Entered: 06/11/2019) |

WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
JACK B. HAYCOCK, IDAHO STATE BAR NO. 2942
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
801 EAST SHERMAN, #192
POCATELLO, IDAHO    83201
TELEPHONE: (208) 478-4166
FACSIMILE: (208) 478-4175

**U.S. COURTS**

**MAY 1 8 2011**

Rcvd_____ Filed _____ Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>DAREN PALMER,<br><br>      Defendant. | Cr. No. _____<br><br>**INFORMATION**<br><br>18 U.S.C. § 1343<br>18 U.S.C. § 1957 |

The United States Attorney Charges:

**COUNT ONE**
**Wire Fraud**
**18 U.S.C. § 1343**

**A.**    **Introduction**

At all times material to this Information:

1.    That from on or about 2002 through December, 2008, the defendant, **DAREN PALMER,** owned and operated TRIGON GROUP, LLC,  a Nevada corporation conducting business in Idaho Falls, Idaho;

2.    That **DAREN PALMER** maintained a checking account for TRIGON GROUP, LLC at Bank of America in Idaho Falls, Idaho;

Information - 1

**B.**     **Scheme and Artifice to Defraud**

3.      That from on or about 2002, continuing to on or about December 2008, in the District of Idaho, the defendant, **DAREN PALMER,** devised and intended to devise a scheme and artifice to defraud for obtaining money and property by means of material false and fraudulent pretenses, representations and promises;

4.      It was part of the scheme that the defendant solicited clients to invest in a program which **DAREN PALMER** typically described as hedge fund investing, offered through TRIGON GROUP, LLC.

5.      It was part of the scheme and artifice that **DAREN PALMER** and other individuals acting at his direction and on his behalf made various misrepresentations to investors and potential investors.  Included in these misrepresentations were the following:

a.      That **DAREN PALMER** represented he had an investment opportunity that provided 20% to 25% guaranteed rates of return to investors with little or no risk to investors.

b.      That **DAREN PALMER** had a 10-year track record of proven success.

c.      That **DAREN PALMER** received compensation by keeping investor-trading profits in excess of a stated amount, typically 20% to 25%.

d.      That **DAREN PALMER** provided investors with monthly account statements reflecting profits from their investments.

e.      That investor's return on investments would be paid from profits made through the purchase and sale of investments.

Information - 2

6.    It is further a part of the scheme and artifice that **DAREN PALMER** willfully failed to disclose material facts relevant to current or potential investors.  Lack of disclosures included:

      a.    Investors were not told that prior investments had not paid a return.

      b.    Investors were not told that the return on investment would be paid from the funds raised from other investors.

      c.    Investors were not told that investor funds would be used to pay the personal expenses of **DAREN PALMER**.

7.    It was further part of the scheme that between on or about 2002, and December, 2008, **DAREN PALMER** received approximately $75.8 million from approximately sixty-eight investors, wherein the defendant then and there misapplied a substantial sum of said funds to his own personal use and caused investors to lose in excess of $20 million.

**C.    Execution of the Scheme**

8.    On or about September 8, 2008, in the District of Idaho, the defendant, **DAREN PALMER**, for the purpose of executing and attempting to execute the scheme and artifice, did knowingly cause to be delivered by electronic mail, a Powerpoint presentation, to David Swenson, in violation of Title 18, United States Code, Section 1343.

**COUNT TWO**
**Money Laundering-Transacting in Property Derived from Unlawful Activity**
**18 U.S.C. § 1957**

9.    The allegations set forth in Paragraphs 1-8 are realleged and incorporated herein.

10.    On or about December 4, 2007, in the District of Idaho, **DAREN PALMER**, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial

Information - 3

institution, that is the transfer of funds contained in the TRIGON GROUP, LLC bank account at Bank of America, last four digits of account number, 0221, to O.C. Tanner, a dealer in precious metals, stones, or jewels, $110,550.00, which transaction affected interstate commerce and which consisted of criminally derived property of a value greater than $10,000.00, such property having been derived from a specified unlawful activity, that is: fraud by wire in violation of Title 18, United States Code, Section 1343; all in violation of Title 18, United States Code, Section 1957.

Dated this _____ day of May, 2011.

WENDY J. OLSON
United States Attorney
By:

JACK B. HAYCOCK
Assistant United States Attorney

**Information - 4**

# CRIMINAL COVERSHEET    U.S. COURTS

| | |
|---|---|
| DEFENDANT'S NAME: | **DAREN PALMER** |
| DEFENSE ATTORNEY:<br>Address: | Steven V. Richert<br>757 N. 7th Ave., Pocatello,<br>Idaho 83201 |
| Telephone No.: | 208-478-2046 |
| INVESTIGATIVE AGENT:<br>Telephone No.:<br>AGENCY: | Troy Smoot<br>208-522-5921<br>FBI |

JUVENILE: No

**MAY 1 8 2011**

Rcvd_____ Filed_____ Time_____

PUBLIC or SEALED: Public

ELIZABETH SMITH
CLERK, DISTRICT OF IDAHO

SERVICE TYPE:  Summons
(Summons or Warrant or
Notice (if Superseding))

ISSUE:

INTERPRETER:  No
If YES, language:

**CASE INFORMATION:**  (Miscellaneous, CVB, other related defendants/case numbers)

**RELATED COMPLAINT:**  No

**CASE NUMBER:**

# CRIMINAL  CHARGING  INFORMATION

**CHARGING DOCUMENT:**    <u>Information</u>

| | |  | |
|---|---|---|---|
| Felony: | **Yes** | County of Offense: | **Bonneville** |
| Class A Misdemeanor: | | Estimated Trial Time: | **plea** |
| Class B or C Misdemeanor:<br>(Petty Offense) | | | |

| STATUTE<br>(Title and Section(s)) | COUNT/<br>FORFEITURE<br>ALLEGATION | BRIEF DESCRIPTION | PENALTIES<br>(Include Supervised Release and<br>Special Assessment) |
|---|---|---|---|
| *18 U.S.C. § 1342* | *1* | *Wire Fraud* | *Maximum of twenty (20) years imprisonment and/or a $250,000.00 fine; not more than three (3) years supervised release; and $100 special assessment* |
| *18 U.S.C. § 1957* | *2* | *Money Laundering* | *Maximum of ten (10) years imprisonment and/or a $250,000.00 fine; not more than three (3) years supervised release; and $100 special assessment* |

Date:    **May 26, 2011**

Assistant U.S. Attorney:    **Jack B. Haycock**

Telephone No.:    **208-478-4166**

REV. 3/2010

# SERVICE INFORMATION
### (COMPLETE APPLICABLE INFORMATION)

| | |
|---|---|
| DEFENDANT'S NAME: | **DAREN PALMER** |
| Alias(es): | |
| DEFENDANT'S STREET ADDRESS:<br>(*or last known address if detained) | |
| DEFENSE ATTORNEY: | Steven V. Richert |
| Address: | 757 N. 7th Ave., Pocatello, Idaho 83201 |
| Telephone No.: | 208-478-2046 |

U.S. COURTS

**MAY 18 2011**

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

## AGENCY and ASSISTANT U.S. ATTORNEY INFORMATION

| | | | |
|---|---|---|---|
| INVESTIGATING AGENT: | **Troy Smoot** | AUSA: | Jack B. Haycock |
| AGENCY: | **FBI** | | |
| Telephone No.(s).: | **208-522-5921** | Telephone No.: | 208-478-4166 |

## DEFENDANT'S PERSONAL IDENTIFICATION INFORMATION

| | | | |
|---|---|---|---|
| PLACE OF BIRTH: | | BIRTH DATE: | **10/24/68** |
| RACE: | White | GENDER: | Male |
| HEIGHT: | 5'11" | WEIGHT: | 190 lbs. |
| HAIR: | brown | EYES: | brown |
| *SSN (if applicable): | 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 | | |

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS:

## OTHER INFORMATION

*FBI NUMBER: ___or___

*STATE ID NUMBER:

*INS ALIEN NUMBER:

*LOCATION WHERE DETAINED:

COMPLETE DESCRIPTION OF AUTO:

PLACE OF EMPLOYMENT:

OTHER RELATED CASES:

*SPECIAL INSTRUCTIONS FOR MARSHALS:

13
*Required

# UNITED STATES DISTRICT COURT

### District of _____ Idaho _____

UNITED STATES OF AMERICA

**V.**

DAREN PALMER

## AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number:     4:11CR00130-001-E-EJL
USM Number:     *13952-023

Steven Richert
Defendant's Attorney

**Date of Original Judgment:**    09/22/2011
**(Or Date of Last Amended Judgment)**

## Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or
     ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☒ pleaded guilty to count(s)   One and two of an Information

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 § 1343 | Wire Fraud | 12/2008 | 1 |
| 18 § 1957 | Money Laundering | 12/2008 | 2 |

The defendant is sentenced as provided in pages 2 _____ 6 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

09/20/2011
Date of Imposition of Judgment

_Edward J. Lodge_
Signature of Judge

Edward J. Lodge, United States District Judge
Name and Title of Judge

09/29/2011

AO 245B   (Rev. 09/08) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT: **DAREN PALMER**
CASE NUMBER: 4:11CR00130-001-E-EJL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   Ninety six (96) months on each of counts 1 and 2 to run concurrently. .

☐   The court makes the following recommendations to the Bureau of Prisons:

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: DAREN PALMER
CASE NUMBER: 4:11CR00130-001-E-EJL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     3 years on each count to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of five (5) periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. Cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

X   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse or the defendant is subject to deportation. *(Check, if applicable.)*

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:    DAREN PALMER
CASE NUMBER:    4:11CR00130-001-E-EJL

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall comply with the rules and regulations of the Probation Department.

The defendant shall submit to a search of his/hers home, vehicle, and/or person upon demand of the probation officer, or a person duly authorized by the probation officer, without necessity of a warrant and shall submit to seizure of any contraband found therein.

A fine is waived, however, defendant shall perform 200  hours of community service as directed by the probation officer in lieu of a fine.

The defendant shall not incur any new credit charges nor open additional lines of credit without the approval of the probation officer.

*The Defendant shall not be employed in any capacity related to billing; receiving money; conducting wire transfers; providing investment advice; trading in the stock and commodities markets for others; or given fiduciary responsibility of any kind, nor shall the defendant perform any unpaid or volunteer activities in this area during the term of supervised release without the permission of the probation officer.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT:          DAREN PALMER
CASE NUMBER:        4:11CR00130-001-E-EJL

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ waived | $ 29,842,731.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Breck Barton | 83,069 | 83,069 | |
| Russell and Shirley Berrett | 1,000,000 | 1,000,000 | |
| Jay and Denise Butler | 250,000 | 250,000 | |
| James Cameron | 8,724,844 | 8,724,844 | |
| Brian Carmack | 123,376 | 123,376 | |
| Brad and Jolene Chaffin | 378,000 | 378,000 | |
| Keith Cornelison | 420,000 | 420,000 | |
| Steve and Jenica Crandall | 205,547 | 205,547 | |
| Lucille Duke | 35,417 | 35,417 | |
| Brad Egbert | 50,000 | 50,000 | |
| Richard Fitzek | 185,000 | 185,000 | |
| Harry Gausche | 200,000 | 200,000 | |
| Chuck, Jason & Ryan Harris | 100,000 | 100,000 | |
| Darryl Harris | 2,844,647 | 2,844,647 | |
| Gaylon and Kristi Heiner | 160,000 | 160,000 | |
| Scott Hillam | 898,787 | 898,787 | |
| Bruce and Kathy Jones | 2,738,700 | 2,738,700 | |
| Jeanne Kluse | 105,000 | 105,000 | |
| Kurt Krupp | 55,500 | 55,500 | |
| (See page 5b) | | | |
| **TOTALS** | $ 29,842,731 | $ 29,842,731 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

X  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

18

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
            Sheet 5B — Criminal Monetary Penalties

Judgment—Page __5b__ of __6__

DEFENDANT:        DAREN PALMER
CASE NUMBER:      4:11CR00130-001-E-EJL

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Paul and Penny Manning | 105,000 | 105,000 | |
| Dennis and Rhonda Merrill | 50,000 | 50,000 | |
| Nick and Mindy Orgill | 20,000 | 20,000 | |
| Shawn Orgill | 35,000 | 35,000 | |
| Flint Packer | 25,000 | 25,000 | |
| Paul Ramsey | 2,162,500 | 2,162,500 | |
| Reed Raymond | 94,000 | 94,000 | |
| Mark Rudd | 12,214 | 12,214 | |
| Cory Smith | 250,000 | 250,000 | |
| Gary Stapley | 61,000 | 61,000 | |
| David Swenson | 316,000 | 316,000 | |
| David and Gerald Taylor | 7,197,047 | 7,197,047 | |
| Devlen Tychsen | 18,000 | 18,000 | |
| Joe and Steffany Webb | 11,000 | 11,000 | |
| Kim and Jeanette Webber | 125,000 | 125,000 | |
| Mike and Fran Wilkie | 312,583 | 312,583 | |
| Bud Wright | 320,500 | 320,500 | |
| Hal Wright | 170,000 | 170,000 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:        DAREN PALMER
CASE NUMBER:      4:11CR00130-001-E-EJL

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

    All monetary penalties due and payable immediately. The defendant shall submit nominal payments of not less that $25 per quarter while incarcerated through the Inmate Financial Responsibility Program. The defendant shall pay any special assessment or financial obligation that is imposed by the judgment and that remains unpaid at the commencement of the term of supervised release to the Clerk of the U.S. District Court, 550 W. Fort Street, MSC 039, Boise, ID 83724. The defendant shall submit nominal and monthly payments of 10% of his/her gross income but not less that $25 per month during the term of supervision. This payment schedule will remain in effect unless further reviewed by the court. A review may take place at any time and will be based upon a change in the defendant's financial circumstances.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

PROB 22
(Rev. 2/88)

## TRANSFER OF JURISDICTION

CR 19 00261 LHK

| DOCKET NUMBER *(Tran. Court)* |
|---|
| 0976 4:11CR00130-001 |

DOCKET NUMBER *(Rec. Court)*

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| PALMER, Daren | Idaho | |

NAME OF SENTENCING JUDGE

The Honorable Edward J. Lodge

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 09/07/2018 | 09/06/2021 |

OFFENSE

18 § 1343 - Wire Fraud
18 § 1957 - Money Laundering

*FILED*

JUN 06 2019

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE
SUSAN Y. SOONG

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF Idaho _____

    IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ Northern District of California _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| June 5, 2019 | *Edward J. Lodge* |
|---|---|
| Date | United States District Judge |

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE Northern _____ DISTRICT OF California _____

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| June 6, 2019 | |
|---|---|
| Effective Date | United States District Judge |